The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion on the following question:
 Assuming a county has enacted an ordinance prohibiting the construction of a solid waste landfill within a designated area, can a city within that area authorize construction? In other words, which ordinance controls?
It is my opinion that the county ordinance will in all likelihood be ineffective to prevent the city from authorizing construction of a solid waste landfill within its corporate limits. Whether the city can, notwithstanding the county ordinance, in fact authorize construction will, however, involve a separate question.[1] This opinion only addresses the effect of a county ordinance that purports to prohibit construction of a landfill within a city.
The Arkansas Solid Waste Management Act authorizes each county of the state to provide a solid waste management system adequate to handle solid wastes generated or existing within the boundaries of the county and outside the corporate limits of any municipality. A.C.A. § 8-6-212(a)(1) (Supp. 1991). See also
A.C.A. § 14-20-109 (1987) (authorizing the county quorum court to establish solid waste disposal facilities for rural residents to provide services comparable to those provided within cities). Particularly when viewed in conjunction with the similar power and duty of municipalities to provide for the disposal of solid wastes within their corporate limits (A.C.A. § 8-6-211 (Supp. 1991)), the county's grant of authority may not, in my opinion, reasonably be construed to include prohibiting a city from authorizing construction of a facility. Municipalities have been granted express power under the Solid Waste Management Act to provide a solid waste management system within their incorporated limits. Id.[2] This power is, in my opinion, also implied under the Code sections governing solid waste management districts and boards. See, e.g., A.C.A. § 8-6-710 (Supp. 1991) ("The counties and municipalities shall continue to be responsible for solid waste management services within their corporate boundaries until the regional solid waste management board determines in writing that the district is able to assume the solid waste management responsibilities of the municipality or county.") Arkansas Code Annotated § 14-14-805 (1987) will, in my opinion, prevent the county from enacting local legislation that conflicts with the city's powers in this regard. Section14-14-805(12) states:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
 Any legislative act that conflicts with the exercise by municipalities of any expressed, implied, or essential powers of municipal government.
It must be recognized in addressing your question that the Arkansas Supreme Court has confirmed the power of local governments, set forth under A.C.A. § 8-6-209 (Repl. 1991), to adopt standards for the location of landfills that are more restrictive than those adopted by the state. Johnson v. SunrayServices, Inc., 306 Ark. 497, 816 S.W.2d 582 (1991). Section8-6-209 must, however, be construed together with the other provisions governing solid waste disposal which vest municipalities with express, as well as implied power to manage wastes within their corporate limits. See discussion,supra. It is my opinion that § 8-6-209 does not, in light of these provisions, offer authority for a county ordinance prohibiting a landfill within a city. Even assuming that the county ordinance is more restrictive than state standards, the municipality's regulatory authority will, I believe, prevail. Nor, in my opinion, can the county's zoning authority form the basis for such an ordinance. This authority only encompasses the unincorporated area of the county. A.C.A. § 14-17-209 (1987).
It is therefore my opinion, based upon the foregoing, that a county ordinance prohibiting the construction of a solid waste landfill within a designated area cannot operate to prevent a city from authorizing construction of a facility within its corporate limits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Particular consideration must be given in this regard to the Arkansas Solid Waste Management Act, codified at A.C.A. §§8-6-201 to -221 (Repl. 1991 and Supp. 1991). Municipalities have the authority under this act to develop a plan to provide a solid waste management system and must adequately provide for the disposal of solid wastes within their incorporated limits. The city's efforts in this regard must, however, be in accordance with the rules, regulations, and orders of the Arkansas Pollution Control and Ecology Commission. A.C.A. § 8-6-211(a) (Supp. 1991).
[2] The term "solid waste management system" is defined as "the entire process of source reduction, storage, collection, transportation, processing, waste minimization, recycling, and disposal of solid wastes. . . ." A.C.A. § 8-6-203(f) (Supp. 1991).